IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BATTLE TOYS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LEGO SYSTEMS, INC., <br><br> Defendant. | Case No. _____ <br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Battle Toys, LLC ("Battle Toys"), files this Complaint against Defendant Lego Systems, Inc. ("Lego") and alleges as follows:

### PARTIES

1. Plaintiff, Battle Toys, is a Limited Liability Company organized and existing under the laws of Delaware.

2. Upon information and belief, Lego is a corporation organized and existing under the laws of Delaware, having its principal place of business at 555 Taylor Road, Enfield, Connecticut, 06083 USA. Upon information and belief, Lego can be served with process by serving its Delaware registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

### JURISDICTION AND VENUE

3. This action for patent infringement is brought pursuant to the patent laws of the United States, 35 U.S.C. § 100 et. seq., including 35 U.S.C. § 281. This Court has jurisdiction under 35 U.S.C. § 271, and 28 U.S.C. §§ 1331 and/or 1338.

4. This Court has personal jurisdiction over the Defendant by virtue of the Defendant being incorporated or organized in Delaware, and doing business in Delaware.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400 because the Defendant resides in this district.

## GENERAL ALLEGATIONS

6. On June 22, 2010, United States Patent No. 7,740,518 ("the '518 patent") entitled "Jousting Toy" was duly and legally issued. A true and correct copy of the '518 patent is attached hereto as Exhibit A.

7. Pursuant to 35 U.S.C. § 282, the '518 patent is presumed valid.

8. Battle Toys is the exclusive licensee of the '518 patent, holding all substantial rights in the patent, with the right to pursue legal action against infringers.

## PATENT INFRINGEMENT COUNT

9. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 8 of this Complaint.

10. Lego has infringed and continues to infringe one or more claims of the '518 patent either directly, or in a contributory manner or in an induced manner (35 U.S.C. § 271(a), (b), or (c)) in this district and elsewhere by making, offering to sell, selling, importing, and/or using toys including but not limited to the Ninjago characters and their spinners and the Lego sets in which they are included, and any other Lego toys capable of spinning and jousting, and accessories and components associated therewith (hereinafter referred to as Lego Spinners and Accessories).

11. Lego has had knowledge of and notice of the '518 Patent and its infringement at least since, and through, the filing and service of the Complaint and despite this knowledge continues to commit tortious conduct by way of patent infringement.

12. Lego has contributed to infringement by others, including the customers and end users of Lego Spinners and Accessories, and continues to contribute to infringement by others, by selling, offering to sell, and/or importing the Lego Spinners and Accessories into the United States, knowing that those products constitute a material part of the inventions of the '518 Patent, knowing those products to be especially made or adapted to infringe the '518 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use. As is readily apparent from Exhibits B and C, Lego advertises and

specifically intends that its customers and end users assemble two or more jousting elements, in which each assembly includes a body section (e.g. a Ninjago character), a playing component (e.g. a weapon) and a traveling component (e.g. a spinner), and then spin the two jousting elements on a playing surface to try to cause them to kinetically engage and form scoring connections with each other.

13. Lego actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '518 patent by making, using, offering for sale, importing, and selling Lego Spinners and Accessories, as well as by contracting with others to use, market, sell, offer for sell, and import Lego Spinners and Accessories, all with the knowledge of the '518 patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import Lego Spinners and Accessories; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the '518 patent through the creation and dissemination of promotional, marketing and instructional materials. Exhibit D is an example of Lego's marketing and instructional materials. Exhibit D was downloaded from Lego's website http://ninjago.lego.com/en-us/Products/Spinners/Default.aspx. It is readily apparent from Exhibit D that Lego induces the customers and end users of Lego Spinners and Accessories to infringe one or more claims of the '518 patent by inducing them to assemble two or more jousting elements, in which each assembly includes a body section (e.g. a Ninjago character), a playing component (e.g. a weapon) and a traveling component (e.g. a spinner), and then spin the two jousting elements on a playing surface to try to cause them to kinetically engage and form scoring connections with each other.

14. Lego's infringement, alleged above, has injured Battle Toys. As a result of Lego's infringement, Battle Toys is entitled to recover damages adequate to compensate for Lego's infringement, which in no event can be less that a reasonable royalty.

WHEREFORE, Plaintiff demands trial by jury, and prays that this Court:

a) Enter an Order that Defendant Lego has infringed at least one or more claims of the '518 patent;

    b)    Enter an Order that Defendant Lego account for and pay to Plaintiff all damages caused by its infringement, which by statute can be no less than reasonable royalty;

    c)    Enter Judgment that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement;

    d)    Enter an Order that Plaintiff be granted its attorneys' fees in this action;

    e)    Enter an Order that costs be awarded to Plaintiff; and

    f)    Enter an Order that Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: July 19, 2012

Farnan LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market St.
12th Floor
Wilmington, DE 19801
Phone 302-777-0300
Fax 302-777-0301
bfarnan@farnanlaw.com

Of Counsel:

Himanshu S. Amin
216-409-5303
Vinay V. Joshi
408-893-1512
Himanshu Amin, LLC
127 Public Sq.
57th Floor,
Cleveland, OH 44114
himanshuamin@hotmail.com
vinayvjoshi@yahoo.com

Attorneys for Plaintiff
Battle Toys, LLC